Nicholson, O. J.,
delivered the opinion of the court.
This cause is here by writ of error, as to E. S. Murphy, administrator of Charles Lovett. The decree now sought to be re-examined was rendered in the chancery court at *425 G-reeneville, on t-lie 16th of May, 1874. The defendants m the case were the trustees of the M. E. Church and Charles Lovett. Upon his death, at November term, 1872, the suit was revived against E. S. Murphy, his administrator. One prayer of the bill was for rents of the property in litigation, from the 26th of March, 1866, and the prayer was for judgment for rents against the respondents. The chancellor agreed that complainants were entitled to rents from the time of filing-the bill, in 1871, but gave no decree against the defendants'. He ordered a report as to rents. Erom this decree the trustees appealed and gave bond, but Murphy, administrator of Lovett, did not appeal to this court. Upon the hearing this court affirmed the chancellor’s decree, with the modification that rents were to be accounted for from the 26th of March, 1866, instead of the 6th of November, 1871. The decree affected only the defendants, the trustees, who had appealed:
The case is now here that the modification of the chancellor’s decree as to the rents should be made as to Lovett’s administrator, as it was made as to the other defendants who appealed. The question turns upon the construction of the chancellor’s decree. He held that “complainants are entitled to the rents of said property,” but he does not specify the defendants who are thus made responsible. There is nothing in the decree indicating that all of the defendants were not liable for the rents. According to the allegations of the bill, Lovett acquired the title of the property as a trustee for complainants, and this court held that -in selling and transferring the property to the trustees of the M. E. Church, he violated his duties as trustee. The prayer of tire bill was for rents against the respondents thereto, of whom Lovett was one. The response, of the chancellor was that complainants were entitled to recover the rents. We- think the fair, if not necessary, construction of the decree is, that the chancellor fixed the rights of complainants for rents as against all the defendants, *426 including Lovett’s administrator. Although Lovett did not actually occupy the property, by a violation of his duties as trustee, he put his co-defendants, the trustees, into possession, and thereby made himself responsible, but not until the trustees shall be unable to pay the rent.
The decree of the chancellor will be affirmed as to Murphy, administrator, except that the rents will be accounted for from the 26th of March, 1866, thus making the decree in this case conform to that made at the last term as to the other defendants.
The costs of this court will be paid by Murphy, administrator, etc.